UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA         :
                                 :
            - v. -               :       **SEALED INDICTMENT**
                                 :
FABIELLA SPINELLI TORRES,        :       S2 22 Cr. 437 (   )
     a/k/a "Fabiella Spinelli,"  :
                                 :
         Defendant.              :
                                 :
- - - - - - - - - - - - - - - - x

*ORIGINAL*

### COUNT ONE
**(Conspiracy to Commit Wire Fraud and Bank Fraud)**

The Grand Jury charges:

#### OVERVIEW OF THE SCHEME

1.  From at least in or about 2020 through at least
in or about March 2022, FABIELLA SPINELLI TORRES, a/k/a
"Fabiella Spinelli," the defendant, engaged in a scheme to
deceive United States banks and one of the leading
cryptocurrency exchange platforms (the "Cryptocurrency
Exchange") into returning funds used to purchase more than $4
million in cryptocurrency by falsely claiming that the
cryptocurrency purchase transactions were unauthorized (the
"Reversal Scheme").

2.  To effectuate the Reversal Scheme, FABIELLA
SPINELLI TORRES, a/k/a "Fabiella Spinelli," the defendant, and
her co-conspirators opened accounts with the Cryptocurrency
Exchange (collectively, the "Cryptocurrency Exchange Accounts")

using the cellphone application for the Cryptocurrency Exchange. Many of the Cryptocurrency Exchange Accounts were opened using fake United States passports, fake drivers' licenses, and stolen personal identifying information.  The Cryptocurrency Exchange Accounts were linked to bank accounts that SPINELLI and her co-conspirators controlled (collectively, the "Bank Accounts").

     3.     FABIELLA SPINELLI TORRES, a/k/a "Fabiella Spinelli," the defendant, used money that had been deposited into the Bank Accounts, frequently through a series of cash deposits made using ATMs, to purchase cryptocurrency through the Cryptocurrency Exchange Accounts.  The purchased cryptocurrency was then transferred to other cryptocurrency wallets outside the Cryptocurrency Exchange controlled by SPINELLI and her co-conspirators.

     4.     After the cryptocurrency was purchased and transferred, FABIELLA SPINELLI TORRES, a/k/a "Fabiella Spinelli," the defendant, and her co-conspirators made telephone calls to the U.S. banks at which the Bank Accounts were held, during which they falsely represented that the cryptocurrency purchases were unauthorized, deceiving the banks and the Cryptocurrency Exchange into reversing those transactions and redepositing the money into the Bank Accounts.  SPINELLI and her co-conspirators then withdrew the money from the Bank Accounts via wire transfers, cashiers' checks, and ATM cash withdrawals.

The participants in the Reversal Scheme thus defrauded the
Cryptocurrency Exchange of both the purchased cryptocurrency,
which was transferred to external wallets, and the funds used to
purchase it.

     5.    Between at least in or about 2020 through at
least in or about March 2022, the operation of the Reversal
Scheme by FABIELLA SPINELLI TORRES, a/k/a "Fabiella Spinelli,"
the defendant, and her co-conspirators resulted in U.S. banks
processing more than $4 million in fraudulent reversals and the
Cryptocurrency Exchange losing more than $3.5 million worth of
cryptocurrency.

STATURORY ALLEGATIONS ·

     6.    From at least in or about 2020 through at least
in or about March 2022, in the Southern District of New York and
elsewhere, FABIELLA SPINELLI TORRES, a/k/a "Fabiella Spinelli,"
the defendant, and others known and unknown, willfully and
knowingly did combine, conspire, confederate, and agree together
and with each other to commit wire fraud, in violation of Title
18, United States Code, Section 1343, and bank fraud, in
violation of Title 18, United States Code, Section 1344.

     7.    It was a part and an object of the conspiracy
that FABIELLA SPINELLI TORRES, a/k/a "Fabiella Spinelli," the
defendant, and others known and unknown, knowingly having
devised and intending to devise a scheme and artifice to

3

defraud, and for obtaining money and property by means of false
and fraudulent pretenses, representations, and promises, would
and did transmit and cause to be transmitted by means of wire,
radio, and television communication in interstate and foreign
commerce writings, signs, signals, pictures, and sounds for the
purpose of executing such scheme and artifice, in violation of
Title 18, United States Code, Section 1343.

8.    It was further a part and an object of the
conspiracy that FABIELLA SPINELLI TORRES, a/k/a "Fabiella
Spinelli," the defendant, and others known and unknown, would
and did knowingly execute, and attempt to execute, a scheme and
artifice to obtain moneys, funds, credits, assets, securities,
and other property owned by, and under the custody and control
of, a financial institution, by means of false and fraudulent
pretenses, representations, and promises, in violation of Title
18, United States Code, Section 1344.

(Title 18, United States Code, Section 1349.)

## COUNT TWO
### (Wire Fraud)

The Grand Jury further charges:

9.    The allegations set forth in paragraphs 1 through
5 are repeated and realleged, and incorporated by reference as
if fully set forth herein.

10. From at least in or about 2020 through at least in or about March 2022, in the Southern District of New York and elsewhere, FABIELLA SPINELLI TORRES, a/k/a "Fabiella Spinelli," the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, SPINELLI engaged in a scheme to defraud the Cryptocurrency Exchange, other cryptocurrency exchanges, and U.S. banks by using money in the Bank Accounts to purchase cryptocurrency over the Internet using the Cryptocurrency Exchange Accounts, which were often opened using stolen or fake identities, and then falsely representing to U.S. banks in interstate telephone calls that those cryptocurrency purchases were unauthorized, causing the U.S. banks to redeposit the funds in the Bank Accounts.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT THREE
### (Engaging in a Monetary Transaction in Property Derived from Specified Unlawful Activity)

The Grand Jury further charges:

11.   The allegations set forth in paragraphs 1 through 5 are repeated and realleged, and incorporated by reference as if fully set forth herein.

12.   On or about October 28, 2021, in the Southern District of New York and elsewhere, FABIELLA SPINELLI TORRES, a/k/a "Fabiella Spinelli," the defendant, and CC-2 knowingly engaged and attempted to engage in a monetary transaction in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, to wit, on or about October 28, 2021, SPINELLI sent CC-2 a $32,000 wire transfer consisting of proceeds from the wire fraud and bank fraud conspiracy charged in Count One of this Indictment.

(Title 18, United States Code, Sections 1957(a) and 2.)

## COUNT FOUR
### (Aggravated Identify Theft)

The Grand Jury further charges:

13.   The allegations set forth in paragraphs 1 through 5 are repeated and realleged, and incorporated by reference as if fully set forth herein.

14.   On or about July 27, 2021, in the Southern District of New York and elsewhere, FABIELLA SPINELLI TORRES,

6

a/k/a "Fabiella Spinelli," the defendant, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, the offenses alleged in Counts One and Two, of this Indictment, to wit, SPINELLI opened an account with the Cryptocurrency Exchange using a photograph of a fake Massachusetts driver's license and personal identifying information, including the name and date of birth of another person.

(Title 18, United States Code, Sections 1028A(a)(1) and 2.)

## FORFEITURE ALLEGATION AS TO THE WIRE FRAUD OBJECT OF COUNT ONE AND AS TO COUNT TWO

15.  As a result of committing the offense alleged in Count One of this Indictment FABIELLA SPINELLI TORRES, a/k/a "Fabiella Spinelli," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

## FORFEITURE ALLEGATION AS TO THE BANK FRAUD OBJECT OF COUNT ONE

7

16.   As a result of committing the offense alleged in Count One of this Indictment, FABIELLA SPINELLI TORRES, a/k/a "Fabiella Spinelli," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

## FORFEITURE ALLEGATION AS TO COUNT THREE

17.   As a result of committing the offense alleged in Count Three of this Indictment, FABIELLA SPINELLI TORRES, a/k/a "Fabiella Spinelli," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

## **Substitute Assets Provision**

18.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

8

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant, up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 18, United States Code, Section 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
Foreperson

_____
DAMIAN WILLIAMS
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

**v.**

### FABIELLA SPINELLI TORRES,
### A/K/A "FABIELLA SPINELLI,"

**Defendant.**

### SEALED INDICTMENT

S2 22 Cr.     (     )

(18 U.S.C. §§ 1028A, 1343, 1349, 1957.)

DAMIAN WILLIAMS
United States Attorney

_Foreperson_

TRUE BILL, SEALED INDICTMENT
5/11/22